UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

TRAVIS RYAN **ROWLEY**,
                *Appellant,*

v.

APD DETECTIVE KEVIN **MORANT,**
APD DETECTIVE JASON MORALES,
APD DETECTIVE MICHAEL FOX,
and APD DETECTIVE FRANK FLORES,
                *Appellees.*

Case № **15-2010**

Appeal from the United States District Court
District of New Mexico
Honorable William P. Johnson, District Court Judge
US District Court № 1:10-cv-1182-WJ/GBW

---

**MOTION TO SUPPLEMENT RECORD PROPER
WITH JOINT STATUS REPORT**

---

Stephen D Aarons
Aaron Boland
Counsel for Appellant
311 Montezuma Ave
Santa Fé, New Mexico 87501
Tel:    (505) 984-1100
Fax:   (505) 984-1110
Email: steve@aarons.org

1. In Appellees' *Answer Brief*, the Detectives first assert that Rowley "failed to raise a Miranda claim until after the District Court's summary judgment ruling dismissing the lawsuit against Detectives." *Answer Brief* at page 7; *see also* page 11 ("it would defy reasonableness and common sense that the alleged Miranda violation was 'newly discovered' after the summary judgment ruling"), 13 ("the District Court properly denied Appellant's eleventh hour, proposed amended complaint to assert a claim for an alleged *Miranda* violation"); 30 ("asserting an alleged *Miranda* violation at the eleventh hour without first seeking leave of Court").

2. Rowley argues that, throughout the litigation, he raised the issue of coercion during his interrogation. To support this assertion he would like to supplement the record with document 31, the Joint Status Report (JSR), filed on 5 June 2011. *See* Attachment.

3. Although the Detectives declined to participate in the JSR, that document gave notice, at page 3, of Rowley's contention that "Defendants coerced Rowley into patently false admissions ... The admissions were obtained by coercion and deliberately false statements from defendants…"

4. At page 9, Rowley claimed that "Defendants Fox and Flores took over the two day long interrogation of Rowley and employed techniques [they]

had learned at interrogation seminars to obtain an obviously false confession from Rowley."

5. And at page 30, Rowley gave notice of his expert Dr. Ofshe who "will discuss the psychological tools employed by defendants to coerce a false confession. He will testify consistent with his testimony at a Daubert pretrial hearing in the Rowley murder case."

6. Counsel for Appellees was contacted by email on 28 May 2015 but, at the time of filing this motion, his position is not known.

WHEREFORE Appellant Travis Ryan Rowley requests that the record proper be supplemented with the attached Joint Status Report.

>Stephen D Aarons
>Aaron J. Boland
>Counsel for Appellant
>311 Montezuma Ave
>Santa Fé NM 87501

CERTIFICATE OF SERVICE

On the date of filing, 1 June 2015, an electronic copy of this pleading was electronically filed and sent using the court's Electronic Management/Electronic Case Files (EM/ECF) system to the opposing counsel of record:
>Jerry Allen Walz
>Walz and Associates, P.C.
>Attorneys for Appellees
>133 Eubank Blvd Ste 2
>Albuquerque NM 87123-2750
>(505) 275-1800

email: jerryawalz@walzandassociates.com

See Rule 25(c)(1)(D). Also on the date of filing, under Rule 27(d)(3), three hard photocopies of the foregoing motion were mailed by overnight postage, First Class Certified Mail, to the United States Court of Appeals for the Tenth Circuit, Office of the Clerk, located at the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado 80257.

Stephen D Aarons
Counsel for Appellant