# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

**TRAVIS RYAN ROWLEY,**

      Plaintiff/Appellant,

**v.**                               **Case No. 15-2010**

**APD DETECTIVE KEVIN MORANT, et al.,**

      Defendants/Appellees.

## DEFENDANTS'/APPELLEES' RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT RECORD PROPER WITH JOINT STATUS REPORT

COME NOW Defendants Kevin Morant, Michael Fox, Frank Flores, and Jason Morales, (hereinafter "Detectives") by and through counsel, Jerry A. Walz, Walz and Associates, P.C., and hereby submit their Response in Opposition to Appellant's Motion to Supplement Record Proper with Joint Status Report (Doc. 01019438560) as ordered by this Court on June 2, 2015. (Doc. 01019439037.)

In his Motion to Supplement Record, Appellant continues his pattern of misstatements, false claims, and an utter failure to support the relief requested with any legal authority. As set forth below, Appellant's Motion is without factual or legal basis, and, therefore, should be denied.

As factual support for his Motion to Supplement Record, Appellant first claims Detectives first asserted his failure to raise a *Miranda* claim in their Answer

1

Brief. *Motion to Supplement Record* at 2, ¶ 1. It is unclear when Detectives could have asserted this proposition earlier in the appellate proceedings given that their Answer Brief was their first opportunity to address the merits of the appellate issues pertinent to this matter. If Appellant is claiming Detectives never addressed the *Miranda* issue below, such a position would be contrary to the very clear record where Detectives' objection to any *Miranda* claim was fully briefed multiple times, argued, and ruled on by the District Court in the very orders from which Appellant appeals.

Appellant next maintains that he raised the issue of his coercive interrogation throughout the litigation before the District Court. *Id.* at 2, ¶¶ 2-5. This is not in dispute. It also has nothing to do with his failure to raise an alleged *Miranda* violation. In other words, the fact that the alleged coercive nature of Appellant's interrogation was litigated does not mean he raised the alleged *Miranda* violation in a timely manner before the District Court.

The Joint Status Report is devoid of reference to any alleged *Miranda* violation. Although Appellant's purpose in filing his Motion to Supplement is unclear, if it is to provide "proof" that he timely raised a *Miranda* claim contrary to the Detectives' assertion on appeal, the Joint Status Report provides no such corroboration. Appellant's attempt to bootstrap the alleged *Miranda* violation into his Fourth Amendment claim that his coercion claim was coerced should not be

entertained by the Court. Appellant litigated the case below asserting Detectives coerced his confession without ever hinting at an alleged *Miranda* violation until the eleventh hour.

Appellant also cites no legal authority as the basis for his Motion to Supplement. Fed. R. App. P. 10(e)(2) provides that if anything material is omitted in the record by error or accident, the omission may be corrected and a supplemental record may be certified and forwarded. In this case, however, Appellant cites neither error nor accident. Instead, he appears to lay the blame for the alleged incomplete record at Detectives' door. Detectives' position, however, has been clear and consistent, and was fully laid out before the District Court. They raise no issue in their Answer Brief that had not already been raised during the proceedings below, and Appellant was well aware of their positions on all factual and legal matters at the outset of these appellate proceedings. Appellant's implication that Detectives' position on appeal is a surprise is misguided at best.

For all of the foregoing reasons, Detectives respectfully request the Court to deny Appellant's Motion to Supplement Record.

WHEREFORE, Appellees respectfully request the Court to deny Appellant's Motion to Supplement Record, and for such further relief as the Court deems appropriate.

Respectfully submitted,
WALZ AND ASSOCIATES, P.C.


/s/ Jerry A. Walz
JERRY A. WALZ, ESQ.
*Attorney for Defendants Morant, Fox,*
*Flores, and Morales*
133 Eubank Blvd NE
Albuquerque, NM  87123
(505) 275-1800
jerryawalz@walzandassociates.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of June 2015, I filed the foregoing

pleading electronically through the CM/ECF system, which caused all parties or

counsel to be served by electronic means, as more fully reflected on the Notice of

Electronic Filing.


/s/ Jerry A. Walz
JERRY A. WALZ, ESQ.

## <u>CERTIFICATION OF DIGITAL SUBMISSION</u>

I further certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in Digital Form or scanned PDF format is and exact copy of the written document filed with the Clerk, and that the digital submissions have been scanned for viruses with the most recent version of McAfee Endpoint Security, updated June 12, 2015, and according to this program, they are free from viruses.

Respectfully submitted,

WALZ AND ASSOCIATES, P.C.

/s/ Jerry A. Walz
JERRY A. WALZ, ESQ.
*Attorney for Defendants Morant, Fox,*
*Flores, and Morales*
133 Eubank Blvd NE
Albuquerque, NM  87123
(505) 275-1800
jerryawalz@walzandassociates.com