UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

TRAVIS RYAN **ROWLEY**,
        *Appellant,*

v.

APD DETECTIVE KEVIN **MORANT,**
APD DETECTIVE JASON MORALES,
APD DETECTIVE MICHAEL FOX,
and APD DETECTIVE FRANK FLORES,
        *Appellees.*

Case № 15-2010

Appeal from the United States District Court
District of New Mexico
Honorable William P. Johnson, District Court Judge
US District Court № 1:10-cv-1182-WJ/GBW

---

**CORRECTED REPLY TO RESPONSE TO**
*MOTION TO SUPPLEMENT RECORD PROPER*
*WITH JOINT STATUS REPORT*

---

Stephen D Aarons
Aaron Boland
Aarons Law Firm PC
Counsel for Appellant
311 Montezuma Ave
Santa Fé, New Mexico 87501
Tel:   (505) 984-1100
Fax:  (505) 984-1110
Email: steve@aarons.org

1. The Detectives primarily object not to the *propriety* of supplementing the record proper with the *Joint Status Report* (JSR), but to its *weight*.

2. Rowley contends that the Detectives may not rely upon his confession as the sole basis to arrest and prosecute him because they coerced it with (i) false statements that could confound the innocent,[1] (ii) promises of "manslaughter or even less" if Rowley implicated Lee and "first degree" if not,[2] and (iii) resuming the interrogation 5 minutes after he swore "I just want an attorney."[3] The Detectives counter: (a) collateral estoppel bars any assertion of coercion,[4] (b) Rowley's confession was voluntary because he revoked his request for an attorney,[5] and (c) he "failed to raise a *Miranda*

---

1. False statements included: (a) the handler said they were dropped off in the Yi neighborhood on Tuesday afternoon, (b) the murders took place then; (c) the police collected green cards, a receipt showing Lee and Rowley sold to the Yis (2A:029), and a gas station video all confirming this; (d) Lee told police Rowley murdered the Yis (2A:045, 51, 52, 55); (e) the police knew Lee was the murderer but unless Rowley helped the police convict Lee, they would have to charge Rowley instead (2A:046). *See also* 1A:390-1.
2. 2A:051 ("we were up 'til like 3:00 o'clock last night trying to get you out of jail because of Mike"); 2A:042 ("it could mean the difference between first degree murder and manslaughter or even less"); 2A:045; 2A:048 (manslaughter or accident); 3A:096 n. 47.
3. Exhibit A to the Detectives' *Motion for Summary Judgment*, 1A:268.
4. *Answer Brief* at 35-40.
5. *Answer Brief* at 44 ("he voluntarily revoked his request for a lawyer"); *Reconsideration Opinion* at 10 (4A:451)("he requested counsel and then decided to waive that right and go on with the interview to get it over with").

claim until after the District Court's summary judgment ruling dismissing the lawsuit against Detectives."[6] As to (c), voluntariness *was* raised in the JSR and the Detectives *did* have proper notice. They chose not to participate in the JSR yet object that nowhere in that document does Rowley cite *Miranda* or even mention a *Miranda* claim.

3. The term "*Miranda* claim" is a misnomer. Rowley has never asserted an independent cause of action due to the failure to advise of rights.[7] The Detectives properly advised him of his *Miranda* rights and he waived those rights prior to an interrogation that would last five hours and 41 minutes.

4. Rather, coercive tactics produced the false confession that followed. For one specific example, the Detectives did not discontinue their interrogation after Rowley asked for an attorney. Many other tactics were also used to extract an involuntary confession, tactics alleged generally in the complaint and the JSR. This particular one clearly violates constitutional rights that were well established long before *Miranda* warnings were first required.[8]

---

6. *Answer Brief* at page 7, *but see* Rowley's *Response to Motion for Summary Judgment* at 3A:092 (¶¶11-13), 100 (¶37) and 115-116 (¶¶74-77).
7. *See, e.g. Sornberger v. City of Knoxville*, 434 F.3d 1006, 1025-6 (7th Cir 2006)(failure to give *Miranda* warnings can support a claim under § 1983 even without a jury trial) *cited* in *Opening Brief* at 25.
8. *Escobedo v. State of Illinois*, 378 U.S. 478, 486 (1964)(well established constitutional violation during an interrogation if "petitioner requested and was denied [a lawyer]").

WHEREFORE Appellant Travis Ryan Rowley requests that this Court supplement the record proper with the pages from the *Joint Status Report* that were attached to his Motion to Supplement, and assign to those pages whatever weight justice requires.

> Stephen D Aarons
> Aaron J. Boland
> Counsel for Appellant
> 311 Montezuma Ave
> Santa Fé NM 87501

## CERTIFICATES OF COUNSEL

(1)     Counsel has caused the redaction of all privacy references as required by 10th Cir. R. 25.5;

(2)     The three paper copies which counsel submits to the court are exact copies of the version submitted electronically (*ECF User Manual*, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12);

(3)     Counsel scanned the electronic submission for viruses with version v2015.06.14.05 of *Malwarebytes Anti-Maleware*, and it is free of viruses (*ECF User Manual*, Section II, Policies and Procedures for Filing Via ECF, Part I(b), pages 11-12); and,

(4)     On the date of filing, *14 June 2015*, a copy of this pleading was filed electronically and sent via the court's EM/ECF system to opposing counsel of record:

> Jerry Allen Walz
> Walz and Associates, P.C.
> Attorneys for Appellees
> 133 Eubank Blvd Ste 2
> Albuquerque NM 87123-2750
> (505) 275-1800
> email: jerryawalz@walzandassociates.com

*See* Rule 25(c)(1)(D). Also on the date of filing, under Rule 27(d)(3), the three hard photocopies of the foregoing reply were mailed by First Class Certified Mail, to the United States Court of Appeals for the Tenth Circuit, Office of the Clerk, located at the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado 80257.

                                                                              Stephen D Aarons
                                                                              Counsel for Appellant