FILED
United States Court of Appeals
Tenth Circuit

November 25, 2015

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

---

TRAVIS RYAN ROWLEY,

    Plaintiff - Appellant,

v.

ADP DETECTIVE KEVIN MORANT;
ADP DETECTIVE MICHAEL FOX;
ADP DETECTIVE FRANK FLORES;
CHIEF OF POLICE RAY SCHULTZ;
CITY OF ALBUQUERQUE; JASON
MORALES,

    Defendants - Appellees.

No. 15-2010
(D. New Mexico)
(D.C. No. 1:10-CV-01182-WJ-GBW)

---

## ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

    Albuquerque detectives arrested Travis Rowley on murder charges. But after

DNA evidence implicated another man, who admitted to the killings, the prosecution

dropped all charges against Rowley. He then sued the detectives, alleging that they

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

arrested him without probable cause based largely on an unlawful and false confession. The district court granted summary judgment against him.

Rowley raises three claims of error on appeal: (1) the district court improperly decided that a pretrial ruling in his criminal case precluded his claim that his confession was coerced; (2) the district court improperly barred his *Miranda* claim as untimely; and (3) the district court improperly excluded testimony by his expert that the videotape of his confession was tampered with. We reject each claim.

I. BACKGROUND

On Sunday, December 2, 2007, Rowley arrived in Albuquerque with a group of traveling door-to-door magazine salespeople. Over the next three days, Rowley sold magazines throughout Albuquerque, including the neighborhood of Pung and Tak Yi. On December 4 the Yis were discovered murdered inside their home. An autopsy later revealed that they had probably been murdered on December 3.

A neighbor of the Yis helped police create a composite sketch of a suspicious person who had come to his door on December 3. Local TV stations broadcast the image on December 5, and on December 6 a tip led Rio Rancho police to Rowley, who was selling magazines in Rio Rancho. Rowley told them that he had been selling throughout Albuquerque for the past three days. Without being prompted by any questions concerning the Yis, Rowley volunteered that he knew the officers were there to question him about the murder and that he had been in their neighborhood. Rio Rancho police

2

shared this information and a photo of Rowley with the homicide division of the Albuquerque Police Department (APD).

That afternoon and the next day, APD homicide detectives, including Kevin Morant, Michael Fox, and Frank Flores (Defendants), interrogated Rowley. As the questioning went on, Rowley's statements grew increasingly inculpatory. Initially, Rowley denied any knowledge of the crime, saying he "was not there." Aplt. App., Vol. 2 at 41. After further interrogation, he stated that he witnessed his sales partner, Mike Lee, murder the Yis. Still later, he claimed to have struck Mr. Yi before his death. Rowley also offered nonpublic details about the crime scene that resembled what had been found. Defendants arrested Rowley on December 8, 2007. He was incarcerated for 16 months.

In July 2008 a laboratory matched DNA taken from under Mr. Yi's fingernail to one Clifton Bloomfield. Bloomfield, already incarcerated on separate murder charges, confessed to killing the Yis. The prosecution filed a *nolle prosequi* in the Rowley case on March 11, 2009. A month earlier the state criminal court had denied a motion by Rowley to suppress his statements to Defendants as involuntary.

On December 10, 2010, Rowley filed a civil complaint against Defendants. He alleged that they lacked probable cause to arrest him, particularly because the strongest evidence against him—his confession—had been coerced and differed in many respects from the actual details of the crime. Rowley later sought to amend his complaint to allege that Defendants violated his *Miranda* rights, and he further alleged that police had

doctored the recordings of his interrogation to remove the evidence of the *Miranda* violation.

The district court granted summary judgment to Defendants. The court ruled that the state court's earlier decision to admit Rowley's confession into evidence precluded Rowley from arguing that his confession was coerced. The court also rejected as untimely Rowley's request to allege a *Miranda* violation and excluded purportedly expert evidence proffered by Rowley to show the alleged doctoring of the interrogation recordings.

## II.   DISCUSSION

### A.   Coercion/Issue Preclusion

In general, the doctrine of issue preclusion promotes judicial economy by precluding parties from relitigating an issue that they have already litigated unsuccessfully. But the particular rules governing the applicability of issue preclusion may vary somewhat from jurisdiction to jurisdiction. Under the full-faith-and-credit statute, 28 U.S.C. § 1738, federal courts give a state-court ruling the preclusive effect it has in the state where it was rendered. *See Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007).

The district court held that under New Mexico issue-preclusion law Rowley's coerced-confession claim was barred by the state criminal court's denial of his motion to suppress his confession. It particularly relied on a New Mexico Court of Appeals decision, *Albuquerque Police Department v. Martinez* (*In re Forfeiture of Fourteen*

4

*Thousand Six Hundred Thirty Nine Dollars ($14,639) in U.S. Currency in Various Denominations & Two (2) Digital Pagers*), 902 P.2d 563 (N.M. Ct. App. 1995), which addressed a very similar issue. In *Forfeiture*, police taking inventory of a crashed vehicle opened a closed duffle bag within the car and found cash and narcotics. *See id.* at 564–65. In the ensuing criminal proceeding against the driver, the trial court ruled the search unconstitutional, suppressed the evidence, and entered an order releasing all noncontraband evidence to the defendant. *See id*. at 565. Meanwhile, the police department had filed a petition for forfeiture of the money. The court dismissed the petition, concluding that it was precluded by the criminal case. *See id.* The court of appeals affirmed, writing that "we have no hesitation in giving collateral estoppel effect in a forfeiture proceeding to a prior decision on a motion to suppress in a criminal proceeding." *Id.* at 569–70.

  *Forfeiture* is not binding on us because it is not a decision of New Mexico's highest court. *See Am. Cas. Co. of Reading Pa. v. Health Care Indem., Inc.*, 520 F.3d 1131, 1138 (10th Cir. 2008). But "we always have viewed intermediate state court opinions as indicia of the leanings of the state's highest court and have followed suit unless other authority convinces us that the state supreme court would decide otherwise." *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1543 (10th Cir. 1992) (brackets and internal quotation marks omitted). Absent any precedent or compelling argument to the contrary, we therefore infer that *Forfeiture* reflects what the New Mexico Supreme Court would have decided.

Rowley's opening brief on appeal presents no such precedent or argument. First, he argues that the issue in the criminal proceeding was not the same as the issue here. But he is wrong. Just as in this case, the question at the suppression hearing was whether the government could show by a preponderance of the evidence that his confession was voluntary. *See State v. Setser*, 932 P.2d 484, 486 (N.M. 1997).

Next, he argues that the state-court ruling on his motion to suppress is not binding here because it was not a final judgment. But he cites no New Mexico case law in support of the asserted final-judgment requirement. He also makes no attempt to distinguish *Forfeiture*, which similarly gave preclusive effect to a ruling on a motion to suppress.[1]

In his reply brief Rowley argues that *Forfeiture* is distinguishable because in that case the government could have appealed as of right whereas Rowley would have had to obtain a certification from the state trial court in order to appeal. Perhaps this is a meaningful distinction (and perhaps, although not argued by Rowley, it also matters that had Rowley appealed the suppression ruling that appeal would not have been decided before the *nolle prosequi* issued the next month). But an argument made for the first time in a reply brief comes too late. *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008). If Rowley wished to challenge the district court's reasoning, he had to do so in his opening brief; but he does not even mention, much less distinguish, *Forfeiture* there.

---

[1] Rowley also argues that he is not precluded here because he did not have a full and fair opportunity to litigate the matter in state court, but he expressly limits this argument to his *Miranda* claim.

Rather, the only possible suggestion in his opening brief of an appealability requirement is a one-sentence parenthetical to an out-of-circuit citation in a footnote. *See* Aplt. Br. at 25 n.51. That will not do. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived."). Further, the footnote does not deal with the district court's statements that no New Mexico case has held that a ruling must be appealable to have preclusive effect and that Rowley could have sought permission for an interlocutory appeal of the suppression ruling. In short, Rowley's opening brief is inadequate to preserve any challenge to the application of *Forfeiture* to his case. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998); *United States v. Callwood*, 66 F.3d 1110, 1115 n.6 (10th Cir. 1995) ("A litigant who mentions a point in passing but fails to press it by supporting it with pertinent authority forfeits the point." (ellipsis and internal quotation marks omitted)).

    B.    *Miranda*/Expert Witness

Rowley claims that at one point during his interrogation he requested an attorney. After such a request an accused "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Maryland v. Shatzer*, 559 U.S. 98, 104 (2010) (internal quotation marks omitted). The prohibition against police-initiated interrogation lasts for 14 days. *See id.* at 109–110. Rowley alleges, however, that Defendants merely took a short break and then resumed their questioning. Police recordings of Rowley's interrogation do not reflect a request for counsel.

Rowley first mentioned his *Miranda* claim in his response to Defendants' summary-judgment motion. The district court properly treated this new allegation as a request to amend the complaint. *See Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) ("[O]ur cases interpret the inclusion of new allegations in a response to a motion for summary judgment, as a potential request to amend the complaint."). Noting that "[d]iscovery and dispositive motions deadlines have long since passed" and that "there is no excuse for failing to raise this claim earlier," the district court denied the request to amend as untimely. Aplt. App., Vol. 3 at 362.[2]

We review the district court's denial of a motion to amend under the abuse-of-discretion standard. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). There was no abuse here. "Untimeliness alone may be a sufficient basis for denial of leave to amend"; and factors informing the timeliness inquiry include "whether the request was unduly and inexplicably delayed" and whether "the party had sufficient opportunity to state a claim and failed." *Id.* (internal quotation marks omitted). Rowley's counsel (who represented him in the criminal case as well as this one) knew of his alleged request for counsel by the time of the state-court suppression hearing in February 2009, when Rowley testified that there "was one point in

---

[2] The court also denied Rowley's *Miranda* claim on the ground that it would be precluded by the state court's denial of his motion to suppress his confession. We need not address this alternative ground, because we affirm the untimeliness ruling. *See Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1249 (10th Cir. 2012) ("[A]lthough the district court relied on consent as an alternative ground for summary judgment, we need not consider the issue because we [affirm on the principal ground].").

the statement that I kind of got upset, and I said that I wanted to stop talking to them, and that I thought it was time to get a lawyer." Aplt. App., Vol. 3 at 259. And in his October 2013 deposition in the civil case, Rowley again testified in the presence of his counsel that he had requested an attorney during the interrogation. But Rowley did not seek to amend his complaint until April 2014.

The only possible (and faintly argued) reason for delay is that Defendant was deterred from raising a *Miranda* claim because the video of his interrogation contradicted his memory of a request for counsel and he raised the claim only after realizing that the video had been tampered with. But the district court gave Rowley 90 days to produce expert evidence to support the tampering claim in a motion to reconsider, and he failed to deliver. Although he presented an affidavit from Jerry Goffe, who represented himself as a "forensic video examiner," the court was unpersuaded of his expertise. *Id.*, Vol. 4 at 1. All Rowley says in opposition to the court's ruling is that the court failed to appreciate "Mr. Goffe's decades of courtroom experience as a forensic video analyst dealing with the same issues or how his simple observations absolutely refute the notions advanced by the inexperienced Mr. Bennett [Defendants' expert]." Aplt. Br. at 28. Rowley ignores the court's explanation (1) that Goffe was "basically a court videographer. . . [with] no certifications, background or experience in information technology," Aplt. App., Vol. 4 at 456; (2) that Goffe "merely viewed the recordings and compared them to the audio recording and transcript," which the court could have done just as well, *id.* at 455; and (3) that "had Mr. Goffe made the most basic inquiry, [readily available facts] would have

9

precluded him from coming to any of the conclusions he made," *id.* at 459.  We can hardly say that the court abused its discretion in failing to credit Goffe as an expert.  *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1223 (10th Cir. 2003) (absent challenge to whether the district court applied the proper standard and performed its gatekeeper role, review of exclusion of expert testimony is for abuse of discretion).  There remains no reason to overturn the district court's rejection of the attempt to add a *Miranda* claim.

We therefore affirm the district court's denial of Rowley's request to amend.  *See Las Vegas Ice & Cold Storage*, 893 F.2d at 1185; *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993).

### III.   CONCLUSION

We AFFIRM the district court's grant of summary judgment and denial of Rowley's motion to amend.  We GRANT Rowley's motion to file a supplemental appendix.

                                                                ENTERED FOR THE COURT


                                                                Harris L Hartz
                                                                Circuit Judge